(92 Misc. Rep. 625)

PEOPLE v. ZECOLLA.

(Court of General Sessions, New York County.   December 13, 1915.)

MUNICIPAL CORPORATIONS ⬤═⟩640—STREETS—TRAFFIC.

In a prosecution for violating an ordinance of the city of New York, declaring that no vehicle shall be allowed to remain upon any street so as to willfully obstruct traffic, evidence *held* to warrant a conviction showing that accused willfully obstructed traffic.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1410; Dec. Dig. ⬤═⟩640.]

Peter F. Zecolla was convicted of obstructing traffic, and he appeals. Affirmed.

Norman & Church, of New York City, for appellant.

Charles Albert Perkins, Dist. Atty., of New York City, for the People.

WADHAMS, J.   The defendant was found guilty of obstructing traffic, and fined.   It appears that the defendant worked for a corporation which rented automobiles, having an office at No. 150 West Forty-Fourth street, and a garage on Forty-Ninth street, in the city of New York; that cars came upon telephone call from the garage to the office in Forty-Fourth street to obtain instructions, and stood there until such instructions were given.   On the day in question the defendant's car was standing in front of the office, and the defendant was on the stoop in his shirt sleeves.   According to the testimony of the officers, the car was standing there half an hour; according to the testimony of the defendant's witnesses, the time is variously stated as 5, 10, and 15 minutes.   A second car belonging to the same company arrived after the defendant, and the chauffeur of the second car stated that he arrived at 4:20 p. m., and Mr. Hunt, the president of the company employing the defendant, testified that the summons was served at 4:40 p. m.   While the cars were standing in front of the office, the traffic was blocked in such manner as to interfere with the passage of vehicles, including a hospital ambulance.

The ordinance with respect to obstructing traffic provides:

"No vehicle shall be allowed to remain upon or be driven through any street so as willfully to blockade or obstruct the traffic of that street."   Code of Ordinances of City of New York, c. 24, art. 2, § 11, subd. 13.

The defendant contends that it was not shown that he willfully blockaded or obstructed traffic.   There is evidence from which it may fully be inferred that the defendant willfully committed the offense. It appears that the president of the company employing the defendant and others engaged in the same business had been warned by the police, and when the defendant was asked if he was in charge of the automobile in question he said, "Yes," and then went into the office, and came back with the president of the company, and told the officer that he just pulled in to get a call, saying:

"This is our office and we are permitted to stand here in front of this office."

The officer served the summons on the defendant, and also on Mr. Hunt, who testified that he then said to the officer:

"You got me wrong this time. I have not been here long enough for you to come around and hand me a summons."

The driver of the second car testified that his car "was not there over 15 minutes at the most," and in reply to the officer's inquiry as to who was the owner of his car said:

"I told him, Mr. Hunt, as I understood there was to be some trouble over the cars standing in front of the door, and I did not want to be in it, so I told Mr. Hunt to attend to it."

From the evidence it is apparent that the defendant, pursuant to a method of conducting business, predetermined by the company which employed him, allowed the vehicle in his charge to remain in Forty-Fourth street so as to willfully blockade and obstruct traffic.

Judgment affirmed.